ALEXANDER B. TRUEBLOOD (TX Bar No. 24100609)
TRUEBLOOD LAW FIRM
700 Lavaca Street, Suite 1400
Austin, TX 78701-3102
Telephone:  (512) 537-0388
Facsimile:  (512) 582-8516
Email: alec@hush.com

Attorneys for Plaintiffs
TOMMY LEE PIERSON and SHEILA STEM PIERSON

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS – AUSTIN DIVISION

| | |
|---|---|
| TOMMY LEE PIERSON, and SHEILA STEM PIERSON,<br><br>                      Plaintiffs,<br><br>           vs.<br><br>FIRST NATIONAL BANK OF GIDDINGS, and SHAWN L. HANCOCK dba H&H RECOVERY SERVICES,<br><br>                      Defendants. | Case No:  1:16-CV-01070<br><br>**COMPLAINT FOR:**<br><br>**(1) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**(2) VIOLATIONS OF THE UNIFORM COMMERCIAL CODE**<br><br>**(3)  VIOLATIONS OF THE TEXAS DEBT COLLECTION PRACTICES ACT** |

Plaintiffs Tommy Lee Pierson and Sheila Stem Pierson hereby complain against defendants First National Bank of Giddings ("FNB Giddings"), and Shawn L. Hancock dba H&H Recovery Services, and allege as follows:

## OPERATIVE FACTS

1. Plaintiffs purchased a car primarily for personal, family, or household purposes, and signed a loan contract with defendant FNB Giddings, who took a security interest in the vehicle. Plaintiffs subsequently fell behind on their contract payments.

2. Defendant FNB Giddings hired defendant Hancock to repossess plaintiffs' vehicle.  Defendant Hancock did not have a present right to conduct repossessions in Texas, because his towing license was in delinquent status with the Texas Department of Licensing and Regulation.

3. Defendant Hancock trespassed onto plaintiff's private property without permission, entering through a closed gate. Hancock also unlawfully entered plaintiffs' barn without permission. Accordingly, defendants breached the peace, in violation of Texas Bus. & Commerce Code § 9.609(b)(2).

4. Defendant Hancock told plaintiff Tommy Lee Pierson that FNB Giddings was willing to work with plaintiffs to come current on his loan, if Mr. Pierson turned over the keys to the car.  Mr. Pierson relinquished the keys based on Hancock's misrepresentation, which was false.  After the repossession, FNB Giddings refused to allow plaintiffs to come current on their loan, instead demanding the full loan balance in order for plaintiffs to get the car back.

5. After the repossession, defendant FNB Giddings issued plaintiffs a notice of sale of the vehicle. In violation of Texas Bus. & Comm. Code § 9.614(1)(A), the notice failed to disclose: (1) the method of intended disposition, instead stating that the vehicle would be sold "either at public auction or private sale"; (2) the time and place of a public disposition or the time after which any other disposition was to be made; and (3) that plaintiffs were entitled to an

accounting of the unpaid indebtedness.

6. Plaintiffs are informed and believe that defendant FNB Giddings disposed of their vehicle, and assessed plaintiffs a deficiency balance, which they do not owe, due to FNB Giddings' breach of the peace, and non-compliance with the UCC notice requirements.

## JURISDICTION AND VENUE

7. The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d).  The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in the Western District of Texas because both defendants are residents of this district, and are subject to the court's personal jurisdiction in this district.  Defendant FNB Giddings is headquartered in Lee County, Texas.  Defendant Hancock resides in Washington County, Texas.

## PARTIES

9. Plaintiffs Tommy Lee Pierson and Sheila Stem Pierson are natural persons over the age of 18 years and are residents of Ledbetter, Texas.

10. Defendant First National Bank of Giddings is a Texas corporation headquartered in Giddings, Texas.

11. Defendant Shawn L. Hancock is an individual over the age of 18 years, who resides in Washington County, Texas and is doing business as H&H Recovery Services.

12. At all times mentioned herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment.  The defendants are jointly and severally liable to plaintiffs.

## FIRST CAUSE OF ACTION
**(Against Defendant Hilgeman Only for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)**.

13. Plaintiffs reallege and incorporate herein by reference the allegations

of all paragraphs above.

14. Plaintiffs are "consumers" who allegedly owed a "debt", and defendant Hancock is a "debt collector", as those terms are defined at 15 U.S.C. § 1692a. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

15. Defendants violated 15 U.S.C. § 1692f(6) by taking nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement.

16. Defendant Hancock had no present right to repossess plaintiff's vehicle in breach of the peace, but did so in violation of Texas Bus. & Commerce Code § 9.609(b)(2).

17. Defendant Hancock had no present right to repossess plaintiffs' vehicle at all, because his towing license was in delinquent status with the Texas Department of Licensing and Regulation.

18. Plaintiffs are entitled to actual damages sustained as a result of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

19. Plaintiffs are entitled to statutory damages of $1,000 against each defendant, pursuant to 15 U.S.C. § 1692k. Defendants have frequently and persistently failed to comply with the FDCPA, and have violated the FDCPA intentionally. The nature of defendants' violations justifies the maximum statutory damages award available.

20. Plaintiffs are entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiffs pray for relief as set forth below.

## SECOND CAUSE OF ACTION
**(Against All Defendants for Violations of the Uniform Commercial Code, Texas Bus. & Commerce Code §§ 9.609 and 9.625)**

21. Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

22. Defendants violated Texas Bus. & Commerce Code § 9.609(b)(2) by repossessing plaintiff's vehicle in breach of the peace.

23. Defendant FNB Giddings violated Texas Bus. & Comm. Code 9.614(1)(A), by issuing a notice of sale to plaintiffs which failed to disclose: (1) the method of intended disposition, (2) the time and place of a public disposition or the time after which any other disposition was to be made; and (3) that plaintiffs were entitled to an accounting of the unpaid indebtedness.

24. Plaintiffs are entitled to recover their actual damages caused by defendants' failure to comply with the Uniform Commercial Code, pursuant to Texas Bus. & Commerce Code §§ 9.625(b) and (c)(1).

25. Plaintiffs are entitled to recover the credit service charge plus ten percent of the principal amount of the obligation, pursuant to Texas Bus. & Commerce Code § 9.625(c)(2).

26. Plaintiffs do not owe FNB Giddings any deficiency balance, by operation of the absolute bar rule set forth at Texas Bus. & Commerce Code § 9.626(b).

27. Pursuant to Texas Civil Practice and Remedies Code § 38.001, plaintiffs are entitled to their attorneys fees and costs against FNB Giddings, because FNB Giddings breached the written contract by failing to provide plaintiffs with the notice required by law prior to sale of the vehicle.

WHEREFORE, plaintiffs pray for relief as set forth below.

### THIRD CAUSE OF ACTION
### (By Plaintiff Tommy Lee Pierson Against All Defendants For Violations Of The Texas Fair Debt Collection Practices Act, Texas Finance Code § 392.001 et seq.)

28. Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

29. Plaintiff Tommy Lee Pierson is a consumer within the meaning of Tex. Fin. Code § 392.001(1).

30. Defendants are debt collectors within the meaning of Tex. Fin. Code § 392.001(6), in that they directly or indirectly engage in actions, conduct, or practices in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor.

31. Defendants violated Tex. Fin. Code § 392.304(a)(19) by using false representations or deceptive means to collect a debt.

32. Plaintiff is entitled to actual damages, pursuant to Tex. Fin. Code § 392.403(a)(2).

33. Plaintiff is entitled to reasonable attorneys fees and costs, pursuant to Tex. Fin. Code § 392.403(b).

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for the following relief:

1. For actual damages, including economic harm and mental anguish;

2. For statutory damages;

3. For pre-judgment interest to the extent permitted by law;

4. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action;

5. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury under the United States and Texas constitutions.

Dated: September 15, 2016

Respectfully Submitted,

TRUEBLOOD LAW FIRM

By: /s/ *Alexander B. Trueblood*

Alexander B. Trueblood
Attorneys for Plaintiffs
TOMMY LEE and SHEILA PIERSON