Shawn L. Hancock, *Defendant Pro Se*
dba H & H Recovery Services
909 East Stone Street
Brenham, Texas 77833
(979) 661-4642 - Cell
Email: h_h_recovery@yahoo.com

FILED

2016 OCT 31  PM 12: 57

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
        DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS – AUSTIN DIVISION

| | |
|---|---|
| TOMMY LEE PIERSON, and<br>SHEILA STEM PIERSON<br><br>*Plaintiff(s)*<br><br>v.<br><br>FIRST NATIONAL BANK OF<br>GIDDINGS and SHAWN L. HANCOCK dba<br>H&H RECOVERY SERVICES<br><br>*Defendant(s)* | Civil Action No. 1:16-cv-1070 SS |

**DEFENDANT SHAWN L. HANCOCK dba H&H RECOVERY SERVICES'
ANSWER TO COMPLAINT**

Defendant, SHAWN L. HANCOCK dba H&H RECOVERY SERVICES (hereinafter "HANCOCK"), in response to the Complaint heretofore filed herein would show the following:

1. As to paragraph 1, page 1 of Plaintiff's pleadings, Defendant HANCOCK has no knowledge of the nature of the loan in question and can neither admit nor deny whether the loan was purchase money or for other purposes.

2. As to paragraph 2, page 1 of the Complaint, Defendant HANCOCK was hired as an Independent Contractor for the purpose of conducting repossession. Defendant denies that his licenses were in a delinquent status at the time of the repossession.

3. As to paragraph 3, page 1 of the Complaint, Defendant HANCOCK denies that he was guilty of a trespass but entered the premises with permission, was given the keys to the car by the owner, and after the owner had removed personal possessions, drove the automobile from the location and specifically denies that Defendant HANCOCK breached the peace in violation of Texas Business and Commerce Code § 9.609(b)(2).

4. As to paragraph 4, page 1 of the Complaint, Defendant HANCOCK denies that he made any specific representations concerning what agreements Defendant FNB might make following the repossession of the automobile. Defendant HANCOCK admits that Defendant recommended to the Plaintiff that he contact Billy Morgan at the Bank to see if something could be worked out. Defendant HANCOCK admits that Plaintiffs' voluntarily turned their keys to the car over to Defendant HANCOCK. Defendant HANCOCK can neither admit nor deny whether Defendant FNB refused to allow Plaintiffs to become current on their loan as Defendant HANCOCK has no knowledge concerning what, if any attempts Plaintiffs were prepared to make in order to bring the loan current.

5. As to paragraph 5, page 1 of the Complaint, Defendant HANCOCK neither admits nor denies the alleged activities on the part of Defendant FNB Giddings as Defendant HANCOCK has no personal knowledge of such actions.

6. Defendant HANCOCK denies the allegations of paragraph 6, page 2 of the Complaint in that the vehicle in question has not been disposed of and denies that there has been a deficiency balance assessed as the vehicle has not been sold and no deficiency could be determined.

7. As to the allegations of paragraph 7, page 2 of the Complaint pertaining to jurisdiction, Defendant HANCOCK admits that he was repossessing the car on behalf of a

creditor but denies that he is a debt collector under the statute, and denies that this Court has jurisdiction under 15 U.S.C. § 1692k(d) or 28 U.S.C. § 1367.

8. Defendant HANCOCK admits the allegations of paragraph 8, page 2 of the Complaint as to venue.

9. Defendant HANCOCK admits the allegations of paragraph 9, page 2 of the Complaint.

10. Defendant HANCOCK admits the allegations of paragraph 10, page 2 of the Complaint.

11. Defendant HANCOCK admits the allegations of paragraph 11, page 2 of the Complaint.

12. Defendant HANCOCK denies that either party was an agent of the other in connection with the activities made the basis of the claim alleged in paragraph 12, page 2 of the Complaint, specifically, the relationship of the parties was that of independent contractor. Defendant HANCOCK denies joint and severally liability for any acts or activities of Defendant FNB.

13. Defendant HANCOCK neither admits nor denies the allegations of paragraph 13, page 2 of the Complaint as they are simply re-alleging prior allegations.

14. As to the allegations in paragraph 14, page 3 of the Complaint, Defendant HANCOCK neither admits nor denies that the Plaintiffs were consumers who owed a debt as his sole participation was to repossess an automobile and he has no personal knowledge of the nature of the debt.

15. Defendant HANCOCK denies the allegations of paragraph 15, page 3 of the Complaint.

16. Defendant HANCOCK denies the allegations of paragraph 16, page 3 of the Complaint.

17. Defendant HANCOCK denies the allegations of paragraph 17, page 3 of the Complaint, and would show that the vehicle was voluntarily turned over the Defendant HANCOCK by Plaintiffs by the delivery of keys and that the vehicle, in fact, was driven from the premises.

18. As to the allegations of paragraph 18, page 3 of the Complaint, Defendant HANCOCK denies that the Plaintiffs are entitled to recovery actual damages as a result of the conduct of either party. As to Defendant HANCOCK denies that he was guilty of any acts or activities that would support the recovery of any damages.

19. The factual allegations and legal conclusions contained in paragraph 19, page 3 of the Complaint are denied in their entirety.

20. The legal conclusions stated in paragraph 20, page 3 of the Complaint are, in all respects, denied.

### AS TO THE SECOND CAUSE OF ACTION AND THE NUMBERED PARAGRAPHS CONTAINED THEREIN, DEFENDANT HANCOCK WOULD FURTHER SHOW THE FOLLOWING:

21. As to the allegations in paragraph 21, page 4 of the Complaint, it is neither admitted nor denied as Plaintiffs simply re-alleges by reference all preceding allegations.

22. As to the allegation in paragraph 22, page 4 of the Complaint, Defendant HANCOCK denies the allegation.

23. Defendant HANCOCK has no personal knowledge of the allegations in paragraph 23, page 4 of the Complaint, concerning the conduct of Defendant FNB Giddings and can neither admit nor deny same.

24. The allegations and legal conclusions in paragraph 24, page 4 of the Complaint are denied as to Defendant HANCOCK.

25. Defendant HANCOCK denies that Plaintiffs are entitled to the relief described in paragraph 25, page 4 of the Complaint.

26. Defendant HANCOCK has no knowledge concerning any deficiency under Texas Business and Commerce Code Section 9.626(b) as alleged in paragraph 26, page 4 of the Complaint and can neither admit nor deny that Defendant FNB Giddings is precluded from recovering a deficiency.

27. As to paragraph 27, page 4 of the Complaint, Defendant HANCOCK denies that Plaintiffs are entitled to recover their attorney's fees from HANCOCK.

## ANSWER TO THIRD CAUSE OF ACTION

28. Paragraph 28, page 5 of the Complaint merely re-alleges and incorporates by references the allegations of the preceding paragraphs and can neither be admitted nor denied.

29. Paragraph 29, page 5 of the Complain is admitted by Defendant HANCOCK.

30. Defendant HANCOCK can neither admit nor deny the allegations in paragraph 30, page 5 of the Complaint as he has no personal knowledge of the nature of the transaction.

31. Defendant HANCOCK denies the allegations in paragraph 31, page 5 of the Complaint.

32. Defendant HANCOCK denies the allegations of paragraph 32, page 5 of Plaintiffs' Complaint.

33. Defendant HANCOCK denies that Plaintiffs are entitled to recover reasonable attorney's fees and costs as alleged in paragraph 33, page 5 of the Complaint.

## PRAYER FOR RELIEF

Defendant HANCOCK respectfully requests that Plaintiffs be denied all relief and that Defendant HANCOCK recover its costs of court, reasonable attorney's fees and such other relief to which he may show himself entitled.

Respectfully submitted,

_____
Shawn L. Hancock
dba H&H Recovery Services, *Defendant Pro Se*


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing DEFENDANT SHAWN L. HANCOCK dba H&H RECOVERY SERVICES' ANSWER TO COMPLAINT was delivered by certified mail, return receipt requested by depositing it in a pre-paid, properly addressed wrapper in a post office or official depository under the care and custody of the United States Postal Service, by telephonic transfer via facsimile, by electronic mail, or hand-delivered to each of the attorneys of record for all parties to this proceeding at the names, addresses, and fax numbers shown prior to 5:00 p.m. at the recipient's local time on this the _31_ day of October, 2016.

| | |
|---|---|
| Alexander B. Trueblood | Ernest F. Bogart |
| TRUEBLOOD LAW FIRM | OWEN & BOGART |
| 700 Lavaca Street, Suite 1400 | P.O. Box 690 |
| Austin, Texas 78701-3102 | Elgin, Texas 78621 |
| Facsimile: (512) 582-8516 | Facsimile: (512) 281-5094 |
| *Attorney for Plaintiffs/Counter-Defendants* | *Attorney for Defendant FNB Giddings* |

_____
Shawn L. Hancock