UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TOMMY LEE PIERSON & SHEILA STEM PIERSON<br>Plaintiff,<br>v.<br>FIRST NATIONAL BANK OF GIDDINGS and SHAWN L. HANCOCK DBA H&H RECOVERY SERVICES<br>Defendants. | § § § § § § § § § § § | CASE NO: 1:16-cv-1070-SS |

<u>PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE (REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT)</u>

Plaintiffs, Tommy Lee Pierson and Sheila Stem Pierson, ask the Court to reconsider the magistrate judge's recommendation and files these objections, as authorized by Federal Rule of Civil Procedure 72(b)(2).

A.     INTRODUCTION

1.     Plaintiffs in this case are Tommy Lee Pierson and Sheila Stem Pierson; defendants are First National Bank of Giddings and Shawn L. Hancock dba H&H Recovery Services.

2.     Plaintiffs sued defendants for violations of the Fair Debt Collection Practices Act, violations of the Uniform Commercial Code, breach of contract and violations of the Texas Debt Collection Act.

3.     Plaintiffs brought a motion for summary judgment as to both defendants. On January 30, 2018, Magistrate Judge Mark Lane ruled on the motion and recommended that it be granted as to Shawn L. Hancock dba H&H Recovery Services but denied as to

PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE (REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT)
Page 1

First National Bank of Giddings.

4. Plaintiffs file these objections to the magistrate's recommendations as to the denial of the motion as to First National Bank of Giddings.

## B.    ARGUMENT

5. If a party timely objects to the magistrate judge's recommendations or findings, the district court must determine de novo any part of the objectionable portions of the recommendations or findings. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3). The district court may then accept, reject, or modify the recommendations or findings, in whole or in part. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3). The district court may also receive additional evidence or return the matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3).

6. Plaintiffs object to certain of the magistrate's factual findings, and also to one major erroneous conclusion of law, as explained below.

## MAGISTRATE'S ERRONEOUS CONCLUSION OF LAW: THAT THE BANK WAS EXCUSED FROM COMPLYING WITH THE UCC NOTICE OF SALE REQUIREMENTS BECAUSE IT DID NOT "INTEND" TO SELL THE VEHICLE

7. The recommendation denies the motion for summary judgment based on one central erroneous legal conclusion -- that since FNB Giddings never *meant* the notice of sale to be a true notice of sale, because it still thought it could negotiate with plaintiffs on a restructuring, it was excused from complying with Tex. Bus. & Comm. Code § 9.614. However, there is no such exception to the UCC requirements, based on a lender's mere intent. The magistrate's recommendation reads in an exception into the UCC which simply does not exist – namely that the mere intent of the lender (or consumer) can vary the statutory requirements for the repossession of secured collateral. The Magistrate cites

to no authority for this legal conclusion, which would permit any lender to evade the UCC sale requirements wholesale, just by saying it didn't intend to sell the vehicle, or wanted to negotiate further with the debtor. Negotiations can still occur of course, after a *proper* notice of sale is sent, but the secured creditor's subjective belief that continued negotiations may be fruitful does not excuse it failure to send a notice that conforms to the requirements of law.

8.  The Magistrate erroneously leaves out of his findings of fact that the Bank's post-repossession notice affirmatively states "the collateral will be sold at either public auction or private sale" in ten days. Tommy Lee Pierson Declaration, Exh. 2. Having *actually* informed plaintiffs in writing that it intended to sell their vehicle, the Bank had to comply with § 9.614, which it did not.

9.  Texas Bus. & Comm. Code § 9.614 requires that the secured creditor mail a statutory notice of sale with all the required disclosures. This information includes the right of the consumer to pay off the loan at any time prior to the sale, whether or not the sale is public or private, and the address of a public sale. The Magistrate omits from his findings of fact that the Bank admitted in its Answer, and at the deposition of executive Billy Morgan, that the bank's § 9.614 notice violated the UCC because among other things, it did not include the consumer's right to an accounting, did not state the method of sale, and misstated the right to redemption. Trueblood Decl. Exh. 3, p. 36:4-14; Trueblood Decl., Exh. 4; Answer of FNB Giddings, ¶ 5.

10. It was undisputed on this motion that the Bank has still not sold plaintiffs' vehicle, over one year after repossessing it. But that does not negate the Bank's requirements to follow the UCC notice requirements. The Bank took custody of the 2006 Dodge and it remains in its custody, while Plaintiffs remain unable to use the vehicle. The Bank therefore repossessed the vehicle, and the UCC requirements of repossession must be

met, including the requirement of sending a compliant notice of sale.

11. Additionally, the Bank has violated plaintiffs' statutory right to have the vehicle sold in a commercially reasonable manner and the sale amount applied to their loan (Texas Bus. & Comm. Code §§ 9.610(b)), by its continuing failure to sell the vehicle, now more than one year after repossessing it. The Magistrate did not address this important issue and wholly excused the Bank from complying with both § 9.614 and § 9.610.

## MAGISTRATE'S ERRONEOUS FINDING OF FACT: THAT THE PIERSON'S DID NOT OFFER EVIDENCE OF DISAGREEMENT WITH THE BANK'S PROPOSAL TO SELL THE VEHICLE AND CONTINUE PAYMENTS

12. Plaintiffs maintain that the Magistrate's entire discussion of Billy Morgan's private intentions regarding whether he would sell the vehicle or not, and his discussions with plaintiff Tommy Pierson about restructuring the debt prior to the notice of sale going out, are irrelevant to UCC compliance, as explained above. However, even if they were relevant, plaintiffs object to the Magistrate's findings of fact on these issues.

13. The magistrate finds that "Morgan sent the August 2016 [notice of sale] letter in direct response to a request from Mr. Pierson on August 19, in the context of what Morgan believed to be continuing negotiations to refinance the delinquent loan." (Dkt. #41, p9). Plaintiff objects to this finding, because there was uncontradicted evidence in the record that the Bank sent the notice of sale pursuant to its written collection policy, which policy required that the letter of intent to sell the collateral always be mailed to the customer after a repossession. Trueblood Decl. Exh. 2, p. 35:14-25; Exh 3. In addition, the bank used the same form template for the statutory notice of sale letter which it had used for previous repossessions. Trueblood Decl. Exh. 2, p 34:8-19.

14. The magistrate finds that "Notably, the Piersons' affidavits are cursory or silent in

their discussions of the overtures made by FNB Giddings to minimize the impact of the repossession on the Piersons. Further, the Piersons have not set forth any evidence that counters what Morgan believed to be Mr. Pierson's apparent agreement in principle to the proposed restructuring Morgan offered them…" (Dkt #41, p 9). Plaintiff objects to finding of fact because the Piersons submitted evidence that they did *not* agree to the Bank's restructuring proposal, because it was a bad deal for them. The Magistrate's findings are contradicted at Paragraph 9 of the Declaration of Tommy Pierson, which states "After the repossession, Billy Morgan of FNB Giddings offered me a debt payment plan. He proposed that the bank would sell the Dodge vehicle, apply the proceeds to the loan balance, and we would pay off the entire remaining deficiency balance over time. We considered this proposal, but decided in the end that this was not beneficial to us, and not practical. The bank would not be returning our vehicle, our credit would remain damaged, and we would have to continue making unaffordable payments under a new loan, even without a vehicle." In addition, the Magistrate's findings are contradicted by the Bank's own Answer, which admits that plaintiffs "refused and failed to sign the proposed agreement." Answer, ¶ 4.

## Conclusion

15. Because the magistrate judge's proposed findings of fact and recommendations are erroneous as to defendant FNB Giddings, Plaintiffs ask the Court to modify the proposed ruling as it pertains to the Bank of Giddings, and grant Plaintiffs' motion for summary judgment as to FNB Giddings, as well as defendant Sean Hancock.

Respectfully submitted,

_____
Amy E. Clark

State of Texas Bar Number: 24043761
Amy Clark Law
11801 Domain Blvd., 3rd Floor
Austin, TX 78758
amy@amyclarklaw.com
Co-counsel for Plaintiffs'
Tommy Pierson and Sheila Pierson

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that a true and correct copy of the foregoing document is being served on all attorneys of record via the ECF system or email and mail as follows:

Alexander B. Trueblood
Trueblood Law Firm
700 Lavaca Street, Suite 1400
Austin, TX 78701
Attorney for Tommy and Sheila Pierson

Ernest F. Bogart, Jr.
Owen & Bogart
P.O. Box 690
Elgin, TX 78621
Attorney First National Bank of Giddings

Shawn L. Hancock
dba H&H Recovery Services
909 East Stone Street
Brenham, TX 77833
Defendant Pro Se                    EMAIL: h_h_recovery@yahoo.com


February 13, 2018

/s/ Amy E. Clark

Amy E. Clark
 Co-counsel for Tommy and Sheila Pierson